IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 18-cv-01476-CMA-GPG

ARTHUR SLAGLE,

    Plaintiff,

v.

RAFAEL COHEN,

    Defendant.
_____

**ORDER GRANTING DEFENDANT'S MOTION IN LIMINE REGARDING PLAINTIFF'S EXPERT, STAN TENER'S ANTICIPATED TESTIMONY**
_____

This matter is before the Court on Defendant's Motion In Limine (Doc. # 49), wherein he asks for the exclusion of expert witness Stan Tener's anticipated testimony regarding Plaintiff's habits and practices pursuant to Federal Rules of Evidence 404(a) and 406. For the following reasons, the Court grants Defendant's Motion.

## I.     BACKGROUND

This Motion arises from a suit alleging negligence *per se* concerning a skiing collision that occurred in March 2018, at Aspen Snowmass Ski Resort in Aspen, Colorado. (Doc. # 3 at 2.) Plaintiff is alleging that, pursuant to Colo. Rev. Stat. § 33-44-109, Defendant's negligence renders him liable for injuries resulting from the collision. (*Id.* at 2–3.) On July 17, 2019, Defendant filed a Motion In Limine to prevent Mr. Tener from testifying regarding Plaintiff's habit of skiing safely. (Doc. # 49.)

Mr. Tener is a ski patroller with 50 years of experience working at both national and international resorts. (Doc. # 49-1 at 4.) Moreover, he has known Plaintiff for nearly

30 years and has observed him ski at an expert level. Mr. Tener's testimony asserts that Plaintiff always skied in a safe manner. (Doc. # 54-1 at 6.) Although Defendant does not wish to exclude Mr. Tener's testimony regarding Plaintiff's skiing ability, Defendant does wish to preclude testimony relating to Plaintiff's habit and practice of skiing while abiding by skier safety practices. (Doc. # 49 at ¶ 3.)

## II. LEGAL STANDARD

Federal Rule of Evidence 406 provides that "[e]vidence of a person's habit or . . . routine practice may be admitted to prove that on a particular occasion the person . . . acted in accordance with the habit or routine practice." Fed. R. Evid. 406. For the purposes of Rule 406, a habit is a person's regular practice of meeting a particular kind of situation with a specific type of conduct. *See Camfield v. City of Oklahoma City*, 248 F.3d 1214, 1232 (10th Cir. 2001) (describing a habit as "a regular practice of meeting a particular situation with a specific type of conduct, . . . [which] may become semiautomatic."); *Perrin v. Anderson*, 784 F.2d 1040, 1046 (10th Cir. 1986) (defining habit as a regular practice of meeting a particular kind of situation with a certain type of conduct, or a reflex behavior in a specific set of circumstances); *see also* Fed. R. Evid. 406 advisory committee note.

## III. ANALYSIS

In the instant case, Mr. Tener submits that Plaintiff is an expert skier and has a habit and practice of skiing safely while abiding with skier safety practices. Under Colo. Rev. Stat. § 33-44-109, Colorado skiers have the duty to maintain control of their speed and course at all times while skiing and are required to maintain a proper lookout so as to be able to avoid other skiers and objects. Thus, safe skiing practices are analogous

2

to safe driving practices. *See* (Doc. # 54 at 9) (comparing common practices of a safe driver with those of a safe skier).

Notably, safe driving habits can be admissible under Rule 406. *See Babcock v. Gen. Motors Corp.*, 299 F.3d 60, 66 (1st Cir. 2002) (holding that testimony pertaining to plaintiff's seatbelt use was admissible); *see also* 1 McCormick on Evidence § 195 (8th ed.) (noting that signaling before changing lanes is an example of a habitual act). Just as it may be semi-automatic for a driver to wear a seatbelt or signal before changing lanes, an expert skier may execute common safety techniques without thinking, making those actions a habit. *See Weil v. Seltzer*, 873 F.2d 1453, 1460 (D.C. Cir. 1989) ("[H]abit refers to the type of nonvolitional activity that occurs with invariable regularity. It is the nonvolitional character of habit evidence that makes it probative.").

However, evidence of generalized driving conduct such as one's tendency to be a cautious or careless driver qualifies as a person's general disposition and is not admissible under Rule 406. Fed. R. Evid. 406 advisory committee note; *see also Franco v. Mabe Trucking Co.*, No. 5:17-CV-00871, 2019 WL 1304537, at *4 (W.D. La. Mar. 21, 2019) (finding that the plaintiff's driving record is not admissible under Federal Rule of Evidence 406 to show that plaintiff had a habit of operating trucks negligently). Thus, generalized conduct is indicative of character. On the other hand, a particularized reaction to a situation is representative of a habit. Accordingly, specificity is an especially important feature of a "habit" because the nature of a conditioned response is that it follows from a particular stimulus. 23 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 5273 (2d ed.) (updated Aug. 2019); *see Jones v. S. Pac. R.R.*, 962 F.2d 447, 449 (5th Cir. 1992) (noting that nine diverse safety violations

3

do not show "habit" of negligence); *see, e.g.*, *State v. Bogus*, 538 A.2d 1278, 1289 (N.J. Super. Ct. App. Div. 1988) ("general evidence of careless driving is inadmissible to show how someone drove on a particular occasion . . . ."); *accord Franco*, 2019 WL 1304537, at *4.

Consequently, courts have held that a specific stimulus, or trigger, that prompts an action can determine to what extent the action is habitual rather than general. *See Frase v. Henry*, 444 F.2d 1228 (10th Cir. 1971) (holding that testimony about "never driving over the speed limit" is admissible because a speed limit sign or the approach of the speedometer to the legal limit qualifies as a stimulus). Generalized conduct fails to provide a specific stimulus that triggers an invariable and specified response. 23 Wright & Miller, *supra*, § 5273; s*ee also United States v. Angwin*, 271 F.3d 786, 800 (9th Cir. 2001) (indicating that a description of a course of action in general does not describe conduct with sufficient particularity to be probative of whether it occurred on a specific occasion), *overruled on other grounds by*, *United States v. Lopez*, 448 F.3d 1186 (9th Cir. 2007). Therefore, generalized conduct does not rise to the level of habit.

In the instant case, Mr. Tener provides a description of the Plaintiff's general conduct and disposition as a skier. When asked if Plaintiff is a "cautious skier," Mr. Tener states that he is. (Doc. # 54-1 at 6.) Mr. Tener also replies in the affirmative when asked if Plaintiff "follows the basic rules of skiing." (*Id.*) Mr. Tener further agrees that Plaintiff abides by general practices of safe skiing such as maintaining a lookout, skiing under control, and avoiding collisions. (*Id.* at 6–7.) These general practices are the foundation of Mr. Tener's opinion that Plaintiff is a safe skier. Thus, Mr. Tener's position

is analogous to an opinion that a person is a safe driver. However, as established above, generalized practices of conduct are not admissible under Rule 406.

Unlike an approaching turn triggering a driver's action to signal, Mr. Tener does not refer to any stimulus that prompts Plaintiff's skiing behavior. *Harrell v. Shwartz*, No. 17-CV-165-F, 2018 WL 8221520, at *3 (D. Wyo. Oct. 29, 2018) (testimony that plaintiff was generally a safe driver, who followed the speed limit, and was likely acting in conformity with those characteristics on a specific occasion, is evidence of a persons' character that is not permitted under Rule 406). Therefore, Mr. Tener's opinion that Plaintiff is a safe skier is indicative of Plaintiff's character or disposition generally, rather than his habit or routine in a specific instance. Accordingly, Defendant's Motion to exclude Mr. Tener's anticipated testimony that Plaintiff had the habit and practice of skiing safely while abiding with safety practices is granted.

## IV. CONCLUSION

Based on the foregoing reasons, it is ORDERED that Defendant's Motion In Limine Regarding Plaintiff's Expert, Stan Tener's Anticipated Testimony (Doc. # 49) is GRANTED. Therefore, although Mr. Tener may testify about Plaintiff's skiing ability, he may not testify that because Plaintiff is a safe skier, it is likely that he skied safely at the time of the collision.

DATED: February 6, 2020

                                             BY THE COURT:

                                             CHRISTINE M. ARGUELLO
                                             United States District Judge